# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON GRAHAM, | * | |
| *Petitioner*, | * | |
| v. | * | |
| | | Criminal Action No. RDB-11-0094 |
| UNITED STATES OF AMERICA, | * | Civil Action No. RDB-19-1885 |
| *Respondent*. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Petitioner Aaron Graham ("Petitioner" or "Graham") is serving a 684-month prison sentence[1] in connection with several commercial armed robberies that occurred in 2011. (ECF No. 306 at 2.) Graham and his Co-Defendant Eric Jordan ("Jordan" or "Co-Defendant") (collectively, "Defendants") were arrested in February 2011. (ECF No. 244-1 at 2.) Graham was ultimately charged in fifteen of the seventeen Counts brought against Defendants in a Second Superseding Indictment filed May 18, 2011. (ECF No. 16.) Specifically, Graham was indicted on one Count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count One); one Count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count Four); six Counts of substantive Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts Five, Seven, Nine, Eleven, Fourteen, and Sixteen); one Count of conspiracy to possess and brandish a firearm in furtherance of a crime of violence, in violation of 18

---

[1] Graham was initially sentenced to a mandatory 1,764 months of incarceration. (ECF No. 172 at 2.) On January 25, 2022, this Court by Memorandum Order granted Graham's Motion for Compassionate Release (ECF No. 281) construed as a Motion for Sentence Reduction, and reduced his sentence to 684 months of incarceration. (ECF No. 306 at 2; ECF No. 311 at 3.)

U.S.C. § 924(o) (Count Thirteen); and six Counts of possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Counts Six, Eight, Ten, Twelve, Fifteen, and Seventeen).   (ECF No. 16.)   Graham and Jordan were convicted following a nine-day joint jury trial.  (ECF Nos. 116–120, 126, 129–132, 140.)

Before Defendants' joint trial, this Court denied Defendants' request for severance and denied several pre-trial motions to suppress evidence.  (ECF No. 244-1 at 2.)  During trial, the Court granted the Government's oral motion to dismiss Count Thirteen against Graham, *see* (ECF No. 129), and the jury returned a guilty verdict as to all remaining Counts, (ECF No. 140 *SEALED*).  Several direct appeals and motions for collateral relief followed.  On June 25, 2019, Graham's counsel timely filed on his behalf a Motion to Vacate or Correct Illegal Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 244) ("Graham's Original Motion" or "Original § 2255 Motion"), which was followed by several supplemental § 2255 Motions (ECF Nos. 247, 251) (together, "Graham's Supplemental Motions") (collectively with ECF No. 244, "Graham's Motion" or "§ 2255 Motion").  In July 2020, Graham's Motion was stayed pending the outcome of possibly controlling cases.[2]  (ECF Nos. 255; 308; 324.)  On January 25, 2022, this Court granted Graham's Motion for Compassionate Release (ECF No. 281), construed as a Motion for Sentence Reduction, and reduced his sentence to 684 months, or 57 years, of incarceration.[3]  (ECF No. 306 at 2, 9; ECF Nos. 309, 310, 311, 312.)

---

[2]  On September 9, 2022, the Court by Order set a briefing schedule regarding Graham's Motions, (ECF No. 320), but on October 20, 2022, the Court granted Petitioner's Motion to Hold Case in Abeyance pending the outcome of *United States v. Pyos*, Case No. 17-4269.  (ECF No. 324.)  The United States Court of Appeals for the Fourth Circuit decided *United States v. Pyos*, 2022 WL 179592130 (4th Cir. Dec. 13, 2022) on December 13, 2022, and granted appellee's unopposed motion for remand in that case on June 13, 2024.  *United States v. Pyos*, 2024 WL 3040019 (4th Cir. June 13, 2024).
[3]  In 2023, after this Court reduced Graham's original sentence, Graham filed two *pro se* Motions for Compassionate Release (ECF Nos. 326, 329), both of which remain pending.

Currently pending before this Court is Graham's § 2255 Motion (ECF Nos. 244, 247, 251) in which he raises, through counsel, several arguments to vacate or correct his sentence.[4] Since the resolution of the potentially controlling cases based on which this Court repeatedly stayed Graham's § 2255 Motion, neither the Government nor Graham's counsel have provided further filings as to his § 2255 Motion. Grahams' submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, Graham's § 2255 Motion (ECF Nos. 244, 247, 251) is DENIED.

## BACKGROUND

The facts of this case were summarized by the United States Court of Appeals for the Fourth Circuit in its opinion affirming the denial of Defendants' motion to suppress, *United States v. Graham*, 796 F.3d 332 (4th Cir. 2015), *rev'd on other grounds en banc*, 824 F.3d 421 (4th Cir. 2016), and by this Court in its Memorandum Order granting Graham's Motion for Reduction of Sentence, (ECF No. 306). Graham and his Co-Defendant Eric Jordan were convicted of several offenses arising from a six armed robberies that occurred in January and February 2011.[5] (ECF No. 306 at 2.) While Jordan served as the getaway driver in three of the robberies, Graham participated in the active commission of all six offenses. (*Id.*) The evidence at trial established that Graham entered each establishment, brandished a handgun

---

[4] Also pending before this Court are Graham's two *pro se* Motions for Compassionate Release (ECF Nos. 326, 329), noted above, and the Government's Motion to Strike Unauthorized Filings (ECF No. 298) related to Graham's first Motion for Compassionate Release. The alleged unauthorized filings—docketed at ECF Nos. 294, 296—are unrelated to the remaining substantive Motions before this Court and they were not cited by this Court in its prior Memorandum Order (ECF No. 306). Accordingly, the Government's pending Motion to Strike Unauthorized Filings (ECF No. 298) is MOOT.

[5] The establishments that were robbed included: (1) a Dollar Tree store in Baltimore County, on January 17, 2011; (2) a Milan Gold & Diamonds store in Baltimore City on January 22, 2011; (3) a 7-Eleven in Baltimore City on January 22, 2011; (4) a Shell gas station in Baltimore County on February 1, 2011; (5) a Burger King in Baltimore City on February 5, 2011; and (6) a McDonald's restaurant two miles from the Burger King, also on February 5, 2011. (ECF No. 306.)

during five of the robberies, engaged in violence, and threatened workers and customers. (*Id.*) On February 5, 2011, Graham and Jordan were arrested after police stopped their truck— Jordan was driving while Graham was a passenger—shortly after the final robberies. (*Id.*) They were subsequently charged in a seventeen-Count Second Superseding Indictment, (ECF No. 16), and proceeded to a joint jury trial. The jury returned a verdict of guilty on all Counts, and on October 12, 2012, this Court sentenced Graham to 1,764-months of incarceration.[6] (ECF Nos. 172.) At sentencing, Graham faced enhanced penalties as an armed career criminal based on four prior felony convictions for crimes of violence. (ECF No. 306 at 2–3; PSR ¶ 89.)

After trial and sentencing, Graham's case was subject to substantial appellate and collateral litigation. Jordan and Graham directly appealed to the U.S. Court of Appeals for the Fourth Circuit, which affirmed their convictions on August 5, 2015. *United States v. Graham*, 796 F.3d 332 (4th Cir. 2015) *rev'd on other grounds en banc* 824 F.3d 421 (4th Cir. 2016). The initial three-judge panel of the Fourth Circuit concluded that the Government had violated both Defendants' Fourth Amendment rights by obtaining cell-site location information without a warrant but applied the good-faith exception to prevent exclusion of the evidence. (*Id.*) On rehearing *en banc*, the Fourth Circuit reversed on the issue of the cell-site location data, holding that the trial court had correctly permitted the use of cell-site location data.[7] 824 F.3d 421 (4th Cir. 2016). Defendants' petitions to the U.S. Supreme Court for *writs of certiorari*

---

[6] Jordan was sentenced to 864-months of incarceration. (ECF No. 185.)
[7] Although the Fourth Circuit reversed its prior holding regarding the constitutionality of the cell-site location data obtained by police, the outcome remained the same for defendants, whose convictions were affirmed by both opinions.

were denied in 2018. *Graham v. United States*, 585 U.S. 1029 (2018); *Jordan v. United States*, 585 U.S. 1035 (2018).

On June 25, 2019, Graham's counsel timely filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255 ("Graham's Original Motion" or "Original § 2255 Motion") (ECF No. 244) on his behalf.[8]  Graham's counsel subsequently filed two supplements to Graham's Original Motion (ECF Nos. 247, 251) ("Graham's Supplemental Motions") (collectively with ECF No. 244, "§ 2255 Motion" or "Graham's Motion").  On July 24, 2020, this Court granted the parties' consent Motion to Stay Graham's § 2255 Motion (ECF No. 253) pending the outcome of potentially controlling cases before the Supreme Court and the Fourth Circuit. (ECF No. 255.)  While his § 2255 Motion remained stayed, Graham filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 281), which this Court granted by Memorandum Order dated January 25, 2022, (ECF No. 306).  Accordingly, on February 2, 2022, this Court reduced Graham's sentence from 1,784 months to 684 months, or 57 years, of incarceration.  (ECF Nos. 309, 310.)

On January 26, 2022, upon the Government's Motion (ECF No. 307), the Court again stayed Graham's § 2255 Motion pending resolution of possibly controlling cases then pending

---

[8]  Motions under 28 U.S.C.§ 2255 are subject to a one-year limitations period that runs from the latest of:
  (1) the date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).  In this case, Graham's judgment became final upon the denial of his petition for *writ of certiorari* on June 28, 2018.  *See Graham v. United States*, 585 U.S. 1029 (2018).  He timely filed the instant Motion on June 25, 2019, within the one-year limitations period.  (ECF No. 244.)

before the Supreme Court and the Fourth Circuit. *See* (ECF No. 308.) On September 9, 2022, this Court set a briefing schedule for Graham's § 2255 Motion, *see* (ECF No. 320), but then granted Graham's Motion to stay his § 2255 Motion pending the resolution of *United States v. Pyos*, Case No. 17-4269, 2022 WL 17592130 (4th Cir. Dec. 13, 2022), before the Fourth Circuit. (ECF No. 324.) On May 10, 2023, Graham filed a *pro se* Motion for Compassionate Release (ECF No. 326). On December 7, 2023, Graham filed a subsequent *pro se* Motion for Compassionate Release (ECF No. 329).[9] This matter is now ripe for review.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

It is well settled that a § 2255 motion is not a means to circumvent a proper ruling on appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). A § 2255 motion does not enable the defendant to "recast, under the guise of collateral attack, questions fully considered by [the Circuit Court on direct appeal]." *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Furthermore, as a general rule, "claims not raised on direct appeal may not be

---

[9] As noted above, Graham's Motions for Compassionate Release (ECF Nos. 326, 329) remain pending.

raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Thus, in a motion pursuant to § 2255, a petitioner may raise novel claims only where the petitioner demonstrates both "cause" and "actual prejudice." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro*, 538 U.S. at 509. An ineffective assistance of counsel claim requires that a petitioner satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first, or "performance," prong of the test requires a showing that counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In assessing whether counsel's performance was unconstitutionally deficient, courts adopt a "strong presumption" that counsel's actions fall within the "wide range of reasonable professional assistance." *Id.* at 688–89. Actions that fall below an objective standard of reasonableness are "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The second, or "prejudice," prong requires that a defendant demonstrate that his counsel's errors deprived him of a fair trial. *Id.* To establish this level of prejudice, a petitioner must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Satisfying either of the two parts of the test alone is not sufficient. Rather, a petitioner must meet both prongs of the Strickland test to be entitled to relief. *See id.* at 687.

## ANALYSIS

Through his § 2255 Motion,[10] Graham raises numerous arguments to vacate his convictions or modify his sentence under 18 U.S.C. § 924(c) (Counts Six, Eight, Ten, Twelve, Fifteen, and Seventeen) and under 18 U.S.C. § 922(g) (Count One). Specifically, Graham argues that: (1) his § 924(c) convictions are no longer valid because the predicate offenses do not qualify as crimes of violence, and appellate counsel was ineffective for failing to timely raise this issue; (2) his § 924(c) charges as set forth in the indictment are duplicitous and it was ineffective assistance of trial and appellate counsel not to raise this issue; (3) his classification as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e), must be reversed because the prior convictions supporting that classification are no longer crimes of violence, and appellate counsel was ineffective for failing to raise this issue; and (4) under *Rehaif v. United States*, 588 U.S. 225 (2019), his 18 U.S.C. § 922(g) conviction must be vacated because it was obtained without proof of an essential element. (ECF No. 244 at 3–4; ECF No. 247 at 1; ECF No. 251 at 1.) The Court addresses each claim in turn, grouping some claims together where appropriate.

### I.    Challenges to 18 U.S.C. § 924(c) Convictions

Graham raises several arguments challenging his convictions under 18 U.S.C. § 924(c) (Counts Six, Eight, Ten, Twelve, Fifteen, and Seventeen). First, Graham argues that his convictions under § 924(c) in Counts Six, Eight, Ten, Twelve, Fifteen, and Seventeen must be overturned because under recent Supreme Court precedents Hobbs Act robbery and Hobbs Act conspiracy are no longer crimes of violence sufficient to support conviction under §

---

[10]  Graham is represented by counsel who filed the § 2255 Motion on his behalf.

924(c), and his appellate counsel was ineffective for failing to properly assert this issue on appeal. (*Id.* at 12, 14, 25.) Second, Graham contends that his convictions under § 924(c) in Counts Six, Eight, Ten, Twelve, and Seventeen were duplicitous because they charged two distinct offenses—Hobbs Act robbery and Hobbs Act conspiracy—in a single count of the Second Superseding Indictment, and his trial and appellate counsel were ineffective for failing to object to the duplicity. (ECF No. 244-1 at 16, 24.) The Court reorders these challenges and addresses them in turn.

### A. Challenges Based on Allegations of Duplicitous Indictment

"An indictment is duplicitous if it charges two offenses in one count, creating the risk that a jury divided on two different outcomes could nonetheless convict for the improperly fused double count." *United States v. Robinson*, 855 F.3d 265, 269 (4th Cir. 2017) (citations and internal quotation marks omitted). "Where an indictment or information contains a duplicitous count, the proper remedy is to dismiss the count or to require the United States to elect which offense it desires to pursue." *United States v. Pleasant*, 125 F. Supp. 2d 173, 176 (E.D. Va. 2000). The Supreme Court has recognized that a court cannot merely amend an indictment itself because a defendant enjoys "[t]he right to have the grand jury make the charge on its own judgment." *Stirone v. United States*, 361 U.S. 212, 218–19 (1960). In this case, the 18 U.S.C. § 924(c) crimes charged in Counts Six, Eight, Ten, Twelve, and Seventeen of the Second Superseding Indictment (ECF No. 16), and referenced in the jury instructions, were duplicitous because they charged predicate offenses of *both* substantive Hobbs Act robbery and conspiracy to commit robbery under the Hobbs Act. *See* (*id.*; ECF No. 244-1 at 16.) Graham argues that his § 924(c) convictions thus must be vacated because they violate his

Sixth Amendment right to a unanimous verdict.  (ECF No. 244-1 at 16, 17.)

Where a count is "duplicitous, this defect is easily cured through appropriate jury instructions and/or a special verdict form."  *United States v. Jiang*, 2025 WL 419531, at *10 (E.D. Va. Feb. 6, 2025) (citing *United States v. Robinson*, 627 F.3d 941, 958 (4th Cir. 2010)).  In this case, the verdict form cured any duplicity because it made clear that the convictions were based solely on the underlying offenses of substantive Hobbs Act robbery.[11]  (ECF No. 139.) Moreover, the language of the special verdict form matches the language of Count Fifteen of the Second Superseding Indictment, in which Graham was charged with violation § 924(c) based solely on Hobbs Act Robbery.  That is, by adopting language that matched the language of the Count charging violation of § 924(c) based *only* on Hobbs Act Robbery, the special verdict form made clear that the guilty verdicts in Counts Six, Eight, Ten, Twelve, and Seventeen were based only on Hobbs Act robbery, not Hobbs Act conspiracy.  *See* (ECF No. 244-1 at 8 n.3.)  As such, the special verdict form cured the duplicity and divided jury concern by clarifying that the jury based its verdict on the predicate offense of Hobbs Act Robbery alone.  (ECF No. 139.)

For the same reason, Graham's *Strickland* claims based on the failure of trial and

---

[11]  Specifically, the verdict form provided that Count Six charged Aaron Graham with "brandishing a firearm in furtherance of . . . Hobbs Act Robbery as charged in Count Five," which charged Graham with "interference with commerce by Hobbs Act Robbery on January 22, 2011."  (ECF No. 139 at 2.)  Count Eight charged Graham with "brandishing a firearm in furtherance of . . . Hobbs Act Robbery as charged in Count Seven," which charged Graham with "interference with commerce by Hobbs Act Robbery on January 22, 2011."  (*Id.* at 3.)  Count Ten charged Graham with "brandishing a firearm in furtherance of . . . Hobbs Act Robbery as charged in Count Nine," which charged Graham with "interference with commerce by Hobbs Act Robbery on February 5, 2011."  (*Id.*)  Count Twelve charged Graham with "brandishing a firearm in furtherance of . . . Hobbs Act Robbery as charged in Count Eleven," which charged Graham with "interference with commerce by Hobbs Act Robbery on February 5, 2011."  (*Id.* at 4.)  Finally, Count Seventeen charged Graham with "brandishing a firearm in furtherance of . . . Hobbs Act Robbery as charged in Count Sixteen," which charged Graham with "interference with commerce by Hobbs Act Robbery on February 1, 2011."  (*Id.* at 5.)

appellate counsel to object to the duplicitous Counts must fail. As explained above, an ineffective assistance of counsel claim requires that a petitioner satisfy the two-prong test set forth in *Strickland*. *See* 466 U.S. at 671. Under the prejudice prong of that test, a petitioner to must establish that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (citing *Strickland*, 466 U.S. at 687). That is "[w]ith respect to prejudice, a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694). Where the alleged defect supporting a *Strickland* claim was cured, therefore, a petitioner cannot meet his burden under the prejudice prong.

As to the *Strickland* claim regarding appellate counsel's failure to object to the alleged duplicity in this case, the special verdict form cured the defect at the trial stage by ensuring that there was no divided jury concern and thus no objection to raise on appeal. *See Jiang*, 2025 WL 419531, at *10 (citing *Robinson*, 627 F.3d at 958) (explaining duplicitous count is "easily cured" by a special verdict form). Even if Graham's appellate counsel had objected, there is no reasonable probability that his appeal would have resulted in a different outcome, because the basis of the objection—the potential of a non-unanimous conviction by a divided jury— had already been addressed. The special verdict form renders Graham unable to demonstrate prejudice as required to show ineffective assistance of appellate counsel in this case.

Nor can Graham show prejudice based on his trial counsel's failure to object to the Second Superseding Indictment. If trial counsel had objected before trial, the trial court at most would have dismissed the counts—and jeopardy would not have attached—such that

the Government could obtain another superseding indictment that rectified the duplicity. *See, e.g., United States v. Jackson*, 926 F. Supp. 2d 691, 706 (E.D.N.C. 2013) (recognizing outright dismissal based on duplicitous counts is disfavored). If trial counsel had objected during trial, the Court would have cured the deficiency by a jury instruction that made clear that the Counts were charged—as clarified in the special verdict—based on Hobbs Act robbery and not Hobbs Act conspiracy. *See Jiang*, 2025 WL 419531, at *10 (citing *Robinson*, 627 F.3d at 958) (recognizing jury instruction can cure duplicity and divided jury concern). That is, if trial counsel had objected, the duplicity defect would have been cured earlier in the trial process. This is not sufficient to show prejudice, however, because even without objection the defect was cured by the special verdict form before the jury began deliberating. As such, Graham has made no showing that he was prejudiced by the failure to object.[12]

## B. Challenge to § 924(c) Convictions Based on Predicate Offenses

Under the Hobbs Act, it is "a federal crime to commit, attempt to commit, or conspire to commit a robbery with an interstate component." *United States v. Taylor*, 596 U.S. 845, 848 (2022). Conviction under 18 U.S.C. § 924(c) "authorizes further punishments for those who use a firearm in connection with a 'crime of violence.'" *Id.* Graham argues that neither Hobbs Act conspiracy nor Hobbs Act robbery are crimes of violence that can support conviction under § 924(c). Accordingly, he argues that his convictions under Counts Six, Eight, Ten, Twelve, Fifteen, and Seventeen must be vacated. This argument fails because the verdict form establishes that the predicate offense for each § 924(c) conviction was Hobbs Act robbery,

---

[12] Because this challenges fails the prejudice prong, the Court need not analyze the performance prong under *Strickland*.

and the Fourth Circuit has explicitly concluded that Hobbs Act robbery is a crime of violence under § 924(c).[13]

A "§ 924(c) conviction based on one valid and one invalid predicate offense remains sound" if the valid predicate was the "factual and legal basis of the conviction." *United States v. Crawley*, 2 F.4th 257, 263 (4th Cir. 2021). As explained above, the verdict form in Graham's case made clear that Hobbs Act robbery was the "factual and legal basis of the conviction[s]" in Counts Six, Eight, Ten, Twelve, Fifteen, and Seventeen.[14] *Id.* at 263; (ECF No. 140.) The Fourth Circuit has concluded that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). Accordingly, Graham's substantive challenge to the predicate offenses supporting his § 924(c) convictions must fail.

For the same reason, Graham's *Strickland* claim based on his appellate counsel's alleged failure to properly challenge the predicate offenses also must fail. Because the Fourth Circuit has held that Hobbes Act robbery is a valid predicate offense supporting conviction under 18 U.S.C. § 924(c), Graham would be unable to show prejudice as required to support his ineffective assistance of appellate counsel argument on this point. That is, even assuming—

---

[13] As Graham argues, the Fourth Circuit has held that Hobbs Act conspiracy is not a crime of violence under the force clause of the Armed Career Criminal Act, 18 U.S.C. § 924(c). *See United States v. Simms*, 914 F.3d 229, 233–34 (4th Cir. 2019) (en banc); *United States v. Gillespie*, 27 F.4th 934, 941 (4th Cir. 2022). Graham also contends that Hobbs Act robbery is not a crime of violence under the force clause. It appears that Graham filed his Motion before the Fourth Circuit's decision holding that Hobbs Act robbery is a crime of violence under the force clause of 18 U.S.C. § 924(c). *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). Because the Fourth Circuit has affirmatively held that Hobbs Act robbery is a crime of violence under the force clause, the Court does not address Graham's arguments to the contrary.

[14] Graham concedes that Count Fifteen was based on a predicate offense of Hobbs Act robbery. (ECF No. 244-1 at 8 n.3.) The fact that the verdict form uses identical language across Counts Six, Eight, Ten, Twelve, Fifteen, and Seventeen thus indicates that the predicate offense supporting each conviction on the verdict form was Hobbs Act robbery, not Hobbs Act conspiracy.

without deciding—that his appellate counsel's performance was deficient, the outcome of his appeal would not have changed because Hobbs Act Robbery remains a violent crime under the force clause of 18 U.S.C. § 924(c). *See United States v. Rangel*, 781 F.3d 736, 742 (4th Cir. 2015) (requiring "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" to show prejudice). As such, Graham is unable to meet the high burden of showing prejudice under *Strickland.*

## II.    Challenges to Conviction and Sentence Under 18 U.S.C. § 922(g)

Graham also challenges his conviction and sentence under 18 U.S.C. § 922(g) (Count One). First, Graham asserts that under *Rehaif v. United States*, 588 U.S. 225 (2019), his 18 U.S.C. § 922(g) conviction must be vacated because it was obtained without proof of an essential element. (ECF No. 244-1 at 18.) Next, he challenges his designation as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (ECF No. 247 at 1; ECF No. 251 at 1–5.) Graham contends that his improper designation resulted in an illegal sentence that exceeded the ten year maximum for offenders under 18 U.S.C. § 924(e). The Court addresses each challenge in turn.

### A. *Rehaif* § 922(g) argument

Graham contends that under *Rehaif v. United States*, 588 U.S. 225 (2019), his 18 U.S.C. § 922(g) conviction (Count One) must be vacated because it was obtained without proof of an essential element. (ECF No. 247 at 2–3; ECF No. 251.) In *Rehaif*, which applies retroactively to cases on a first § 2255 motion, the Supreme Court imposed a new element for 18 U.S.C. § 922(g)(1) offenses by requiring that the government prove the defendant *knew* he had been convicted of a prior felony. *Id.* at 237. Graham raises three arguments challenging

his § 922(g) conviction under *Rehaif*.  First, he asserts that his indictment was defective in violation of the Fifth Amendment to the U.S. Constitution because it did not list the knowledge-of-status element in Count One.  (ECF No. 251 at 2–3.)  Second, he argues that his conviction must be vacated because the Government presented no evidence at trial of his knowledge of his status.  (*Id.* at 3.)  Finally, he contends that the trial court violated his Sixth Amendment right to a complete verdict on every element of the offense by failing to instruct the jury on the knowledge-of-status element of § 922(g).  (*Id.* at 4.)  These arguments fail because Graham has not made the required showing that his substantial rights were violated.

To succeed in a § 2255 challenge under *Rehaif*, a petitioner must establish a reasonable probability that the outcome of his case would have been different if the knowledge-of-conviction element had been required.  *Greer v. United States*, 593 U.S. 503, 508 (2021); *United States v. Waters*, 64 F.4th 199, 204–05 (4th Cir. 2023); *see also United States v. Gamble*, 2022 WL 2452361, at *1 ("The parties agree the indictment did not include the knowledge-of-status element . . . To obtain relief, however, [petitioner] must show that the *Rehaif* error affected his substantial rights." (citing *Greer*, 593 U.S. at 514)).  As Judge Chasanow of this Court has explained, "[i]n the § 2255 context, this means that [a p]etitioner must demonstrate 'actual prejudice'" to succeed on a *Rehaif* claim."  *United States v. Branch*, Crim. No. DKC-18-0212, 2022 WL 971007, at *1 (D. Md. Mar. 31, 2022); *see also Heard v. United States*, Crim. No. JRR-19-0090, 2024 WL 3638021, at *3 (D. Md. Aug. 2, 2024) (collecting cases and noting inconsistency in standard of review—plain error or harmless error—of *Rehaif* claims but explaining that both require showing of prejudice).

The Supreme Court has recognized that "[i]f a person is a felon, he ordinarily knows

15

he is a felon." *Greer*, 593 U.S. at 508. As such, "prior convictions are substantial evidence that [felon-in-possession defendants] knew they were felons." *Id.* at 509. Common sense further dictates that an individual with a significant criminal history including multiple prison sentences of more than one year "faces an uphill climb" to establish actual prejudice. *Id.* at 508. In this case, Graham had at least four prior felony convictions—two separate robberies, burglary, robbery with a deadly weapon, and federal bank robbery—had served state prison sentences ranging from five to fifteen years, and had served a federal prison sentence of five years. (PSR ¶¶ 96, 97, 100, 103, 106.) At his sentencing, he had a criminal history category of VI. (PSR ¶ 113.)

On these facts, Graham cannot establish a reasonable probability that he was actually prejudiced by the Government's failure to establish knowledge of felon status as required under *Rehaif. See, e.g.*, *United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) ("We also note that [petitioner] had, on several occasions, served sentences longer than a year—including two stints of more than five years each in federal prison—making it virtually impossible to believe he did not know he had been convicted of crimes punishable by such sentences."); *Branch*, 2022 WL 971007, at *2 (holding prior robbery, firearm possession, and CDS possession convictions resulting in sentences ranging from five to twelve years and criminal history category of VI precluded showing of actual prejudice); *United States v. Plater*, Crim. No. PJM-13-0622, 2022 WL 912396, at *3 (D. Md. Mar. 29, 2022) (noting criminal history precluded showing of actual prejudice); *Heard*, 2024 WL 3638021, at *4 (holding petitioner "cannot reasonably argue that he was unaware of his felon status" where he was on probation at the time and had an extensive criminal history including prior imprisonment of more than one

year).  There is ample evidence of Graham's knowledge of his status as a felon at the time of

the crimes in this case, and his *Rehaif* argument thus fails.

### B.  Challenge to Armed Career Criminal Sentence Enhancement

Generally, a conviction under 18 U.S.C. § 922(g) carries a maximum penalty of ten

years' incarceration.  *Id.* § 922(g)(a)(2).  Under the Armed Career Criminal Act ("ACCA"), 18

U.S.C. § 924(e), however, an armed career criminal—that is, a person "who violates 18 U.S.C.

§ 922(g) and has three previous convictions for 'a violent felony or a serious drug offense, or

both, committed on occasions different from one another'"—is subject to a mandatory period

of imprisonment of not less than fifteen years.  *United States v. Redd*, 85 F.4th 153, 161 (4th Cir.

2023) (quoting 18 U.S.C. § 924(e)(1)).  In *Johnson v. United States* (*Johnson II*), 576 U.S. 591 (2015),

the Supreme Court held that the "residual clause" of the ACCA's definition of "violent felony"

was unconstitutionally vague because its application was too "wide-ranging" and

"indeterminate." *Johnson II*, 576 U.S. at 596–97.  After *Johnson II*, an offense can only qualify

as a "violent felony" under the ACCA if it falls within the ambit of the "force clause" or is

one of the ACCA's enumerated offenses.

In this case, Graham was classified as an armed career criminal or career offender and

subject to the fifteen-year sentencing enhancement for his conviction under 18 U.S.C. § 922(g)

(Count One) based on four prior felony convictions for violent felonies: (1) Maryland robbery;

(2) Maryland robbery with a deadly weapon; (3) another instance of Maryland robbery; and (4)

federal bank robbery.  (PSR ¶ 89, 96, 100, 103, 106.)  Graham argues that Maryland robbery

is not a violent felony under the ACCA's force clause and his 1981 conviction for Maryland

robbery should not have constituted a predicate offense because it is not clear that he was

represented by counsel for that conviction. (ECF No. 244-1 at 19–20; PSR ¶ 96 (stating "[a]ttorney representation is not known" for 1981 Maryland robbery conviction).) Graham does not raise challenges related to his predicate offenses of federal bank robbery and robbery with a deadly weapon.

Even assuming, without deciding, that the 1981 conviction for Maryland robbery should not have counted as a predicate violent felony due to lack of attorney representation, Graham still had the requisite three prior convictions needed to qualify for the sentencing enhancement under the force clause. In *United States v. Johnson*, 945 F.3d 174 (4th Cir. 2019), the Fourth Circuit held that "Maryland robbery constitutes a violent felony under the ACCA."[15] *Id.* at 181. For this reason, Graham had three prior convictions for crimes that constituted violent felonies under the ACCA's force clause and his sentencing enhancement under § 924(e) was proper.

## **CONCLUSION**

For the foregoing reasons, Graham's Motion (ECF Nos. 244, 247, 251) is DENIED. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a Certificate of Appealability when it enters a final order adverse to the applicant. *See Jackson v. United States*, No. PJM-12-421, 2012 WL 869080, at *1 (D. Md. Mar. 13, 2012). "A Certificate of Appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, the petitioner "'must demonstrate that

---

[15] Graham's Motion was filed in June 2019, several months before the Fourth Circuit issued this decision in December 2019.

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463, U.S. 880, 893 n.4 (1983)).  Because Graham's Motion provides no basis for issuance of a Certificate of Appealability, a Certificate of Appealability is DENIED.

A separate Order follows.


/s/
_____
Richard D. Bennett
United States Senior District Judge

Dated: March 20th, 2025